UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANDRES SEBASTIAN VERA REVELO** | **CIVIL DOCKET NO. 6:22-CV-1419** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **GRISELD ANDREA CAÑIZALEZ CEDEÑO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## RULING

Before the Court is PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR AN EXPEDITED EVIDENTIARY HEARING (the "Motion"). [Doc. 9]. Andres Sebastian Vera Revelo (hereinafter "Vera Revelo") commenced this action by Verified Complaint [Doc. 1] pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") as implemented by Congress through the International Child Abduction Remedies Act, 22 U.S.C. § 9001, *et seq*. ("ICARA"). Vero Revelo seeks, among other remedies, the return of his minor child, P.A.V.C., to Ecuador. [Doc. 1].

Vera Revelo alleges that his minor child, P.A.V.C., was brought to the United States by her mother, defendant Griseld Andrea Cañizalez Cedeño (hereinafter "Cañizalez Cedeño"), in violation of Ecuadorian law. [Doc. 1]. Specifically, Vera Revelo alleges that Cañizalez Cedeño violated the Ecuadorian Childhood and Adolescence Code by bringing P.A.V.C. to the United States without his notarized, written consent. [Doc. 1, p. 7-10]. Vera Revelo also claims that his rights to visitation, established in a custody agreement between he and Cañizalez Cedeño, were violated when P.A.V.C. was brought to reside in the United States without his consent. [*Id*.].

1

Vera Revelo's Motion seeks for this Court to issue a temporary restraining order that will prohibit Cañizalez Cedeño from removing P.A.V.C. from this Court's jurisdiction and require Cañizalez Cedeño to surrender all of P.A.V.C.'s travel documents within three (3) days of being served. [Doc. 9]. Vera Revelo requests that the Order then be served by the United State Marshal's Service. [*Id.*]. Vera Revelo also asks that this Court set an expedited hearing on the merits of his Verified Complaint and that a trial on the instant action is advanced and consolidated with the hearing. [*Id.*]. Lastly, Vera Revelo seeks access to P.A.V.C. and requests that no security bond be required. [*Id.*]. Vera Revelo asserts that if Cañizalez Cedeño is not prohibited from leaving this Court's jurisdiction, he will suffer immediate and irreparable injury. [Doc. 9-1 p. 8]. After considering the Motion and relevant law, for the reasons stated below, this Court finds that the Motion should be GRANTED, in part, as described herein.

In the Motion, Vera Revelo seeks for this Court to exercise its authority under 22 U.S.C. § 9004, which includes the ability to "take or cause to be taken measures under Federal or State law, as appropriate...to prevent the child's further removal or concealment" and pursuant to such authority issue a temporary restraining order. [Doc. 9-1]. This authority granted in § 9004 empowers the Court to issue a temporary restraining order that would prohibit a child from being taken outside the Court's jurisdiction. *See generally*, *Lopez v. Ash*, 2022 WL 1207146, at *3 (W.D. La. Apr. 22, 2022); *Crossan v. Clohessy*, 2018 WL 4054865, at *1 (W.D. La. May 10, 2018). This Court therefore accepts Vera Revelo's Motion, which requests the issuance of a temporary restraining order, as within the scope of its authority under § 9004.

Federal Rule of Civil Procedure 65(b) provides that a court may issue a temporary restraining order without notice given to the adverse party if: "specific facts in a…verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required." Here, the Court finds that Vera Revelo's Verified Complaint provides sufficient basis that he will suffer immediate and irreparable injury, loss, or damage if a temporary restraining order is not entered before Cañizalez Cedeño can be heard in opposition.

Vera Revelo's Verified Complaint alleges that his minor child was brought to reside in the United States without his notice or consent. [Doc. 1, p. 5]. Additionally, Vera Revelo asserts that after learning of Cañizalez Cedeño and P.A.V.C.'s presence in the United States, he contacted the police in Quito, Ecuador, and subsequently filed an application for P.A.V.C.'s return with Ecuador's Secretariat for Human Rights. [*Id.*]. Vera Revelo also learned that Cañizalez Cedeño had vacated her residence in Ecuador in preparation to move to the United States, and through electronic communication with Cañizalez Cedeño, determined that she and P.A.V.C. were residing near Lafayette, Louisiana. [*Id.*]. Vera Revelo has repeatedly requested that Cañizalez Cedeño return P.A.V.C. to Ecuador, which she has refused to do. [Doc. 1, p. 5-6.]. The United States Department of State also notified Cañizalez Cedeño that Vera Revelo had filed an application seeking assistance in returning P.A.V.C. to Ecuador. [Doc. 9-1 p. 6]. The State Department also requested that Cañizalez Cedeño voluntarily return P.A.V.C. to Ecuador, but she was unwilling to do so. [Doc. 1, p. 6].

Based on the aforementioned verified allegations, this Court finds that if Cañizalez Cedeño is notified of the instant action, she may leave the jurisdiction of this Court with P.A.V.C., causing Vera Revelo to suffer immediate and irreparable injury – specifically, difficulty in again locating his minor child. Additionally, if Cañizalez Cedeño moves P.A.V.C. outside of this Court's jurisdiction, Vera Revelo will suffer an immediate and irreparable injury in trying to obtain relief in another jurisdiction. A temporary restraining order will also prevent further removal or concealment of the child pending disposition of the Verified Complaint.[1]

Vera Revelo's attorney has submitted a certificate stating that she has made efforts to effect service on Cañizalez Cedeño, but that she has not yet been served. [Doc. 9-2]. Additionally, Vera Revelo's attorney certifies that the State Department informed Cañizalez Cedeño of her client's intentions to seek the return of P.A.V.C. under the Hague Convention. [*Id.*].

Accordingly, the Court GRANTS Vera Revelo's Motion for a temporary restraining order. The United States Marshal's Service shall serve Griseld Andrea

---

[1] Vera Revelo also asserts that he can satisfy the requirements for a preliminary injunction. [Doc. 9-1, p. 9-10]. The party requesting the court to issue a preliminary injunction must demonstrate: "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve public interest." *Brock Services, L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019) (citing *Cardoni v. Prosperity Bank*, 805 F.3d 573, 579 (5th Cir. 2015). Vera Revelo contends that: (1) he is likely to prevail on the merits of his Verified Complaint because Cañizalez Cedeño's removal of P.A.V.C. is in violation of the Hague Convention; (2) he will suffer irreparable injury due to the risk that Cañizalez Cedeño will flee this Court's jurisdiction with P.A.V.C.; (3) his seeking to "restore the pre-abduction status quo" will not pose any harm to Cañizalez Cedeño; and (4) the public interest will be served by his efforts to enforce his rights under the Hague Convention and ICARA. [Doc. 9-1, p. 10-16]. The Court will give further consideration to these allegations at the adversarial preliminary injunction hearing set for June 14, 2022, at 9:00 a.m.

Cañizalez Cedeno at 4911 Wellman Road, New Iberia, Louisiana 70560, with a copy of Petitioner's Application for a Temporary Restraining Order and Motion for an Expedited Evidentiary Hearing [Doc. 9], as well as a copy of this Ruling and the accompanying Temporary Restraining Order. All costs associated with service of these documents shall be paid by Vera Revelo.

The Court further finds that an expedited adversarial hearing on the extension of the injunctive relief granted herein and on the merits of Vera Revelo's Verified Complaint is warranted pursuant to Federal Rule of Civil Procedure 65(b)(3) and Article 11 of the Hague Convention. The Court therefore orders that a hearing on the merits of the Verified Complaint shall proceed on June 14, 2022, at 9:00 a.m. This Ruling does not prevent the parties from moving the Court for a continuance of this hearing for good cause.

Accordingly, the Court GRANTS Vera Revelo's request for an expedited hearing on the merits of his Verified Complaint, and the trial in this matter will be advanced and consolidated with any further injunctive relief under Federal Rule of Civil Procedure 65.

No security bond will be required for the issuance of this temporary restraining order.

THUS, DONE AND SIGNED in Chambers on this 3rd day of June 2022.

_David C. Joseph_
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE