# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ANDRES SEBASTIAN VERA REVELO** | **CIVIL DOCKET NO. 6:22-CV-01419** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **GRISELD ANDREA CAÑIZALEZ CEDEÑO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING AND PRELIMINARY INJUNCTION

Before the Court is an APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR AN EXPEDITED EVIDENTIARY HEARING ("Petitioner's Motion") [Doc. 9]. A Temporary Restraining Order was granted on June 3, 2022. [Doc. 11]. Service of the Temporary Restraining Order and Verified Complaint was subsequently effected on the Respondent by the United States Marshals Service. A hearing on the issuance of a Preliminary Injunction was held on June 14, 2022, which was unopposed by the Respondent. Accordingly, the Court grants Petitioner's Motion and herein issues a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65. This Preliminary Injunction shall remain in effect until the Court's final resolution of this matter on the merits.

## BACKGROUND

On May 26, 2022, Andres Sebastian Vera Revelo (hereinafter "Vera Revelo") brought this action by Verified Complaint [Doc. 1] (the "Complaint") pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") as implemented by Congress through the International Child Abduction Remedies Act, 22 U.S.C. § 9001, *et seq.* ("ICARA"). The Complaint seeks, among other

1

remedies, the return of his minor child, P.A.V.C., to Ecuador. [Doc. 1]. Vera Revelo alleges that his minor child, P.A.V.C., was brought to the United States by her mother, Griseld Andrea Cañizalez Cedeño (hereinafter "Cañizalez Cedeño"), in violation of Ecuadorian law. [Doc. 1]. Specifically, Vera Revelo alleges that Cañizalez Cedeño has violated the Ecuadorian Childhood and Adolescence Code by bringing P.A.V.C. to the United States without his notarized, written consent. [Doc. 1, p. 7-10]. Vera Revelo also claims that his rights to visitation, which were established in a custody agreement between he and Cañizalez Cedeño, were violated when P.A.V.C. was brought to reside in the United States. [*Id.*].

On June 2, 2022, Vera Revelo filed Petitioner's Motion [Doc. 9], requesting that this Court issue a Temporary Restraining Order that would prohibit Cañizalez Cedeño from removing P.A.V.C. from the Western District of Louisiana. [*Id.*]. Vera Revelo also sought other injunctive relief, asked that this Court set an expedited hearing on the merits of his Complaint, and requested that a trial on the instant action be advanced and consolidated with the hearing.[1] [*Id.*].

The Court granted Vera Revelo's request for a Temporary Restraining Order and ordered that a hearing to be held on June 14, 2022, at which Cañizalez Cedeño was ordered to appear with her minor child, P.A.V.C. [Doc. 11]. The Court also ordered that Cañizalez Cedeño was prohibited from removing P.A.V.C. from the Western District of Louisiana prior to the June 14, 2022, hearing. [*Id.*]. The United States Marshals Service served Cañizalez Cedeño with the Verified Complaint, the

---

[1] In Petitioner's Motion, Vera Revelo asserts that he can satisfy the requirements of a Preliminary Injunction under Fed. R. Civ. P. 65. [Doc. 9-1, p. 9-10]. The Court deems this as a request for issuance of a Preliminary Injunction.

2

Temporary Restraining Order, and the Ruling on the Temporary Restraining Order on Wednesday, June 8, 2022. [Doc. 17].

## **R**ULING

A hearing regarding the Preliminary Injunction and the merits of the Verified Complaint was held on Tuesday, June 14, 2022. Petitioner Vera Revelo's attorneys were present in Court, and he appeared via Zoom. Cañizalez Cedeño appeared in Court *pro se* with the minor child, P.A.V.C. An interpreter was present in Court and facilitated communication between the Court and both Vera Revelo and Cañizalez Cedeño.

At the hearing, in response to questioning and suggestion from the Court, Cañizalez Cedeño advised that she would like to speak to an attorney regarding this matter. The Court advised that it would seek to facilitate the appointment of an attorney to represent her in the hearing on the merits.

Additionally, Cañizalez Cedeño indicated that she understood the requirements of the Temporary Restraining Order that this Court previously issued. She further consented to the Court's issuance of a Preliminary Injunction that would prevent her from leaving the Western District of Louisiana until such time as a trial on the merits of the Verified Complaint could be held. Cañizalez Cedeño indicated that she fully understands the scope of the Preliminary Injunction as described herein and consents to its entry by the Court. Among other things, she stated that she understands that it enjoins her from leaving the Western District of Louisiana.

Cañizalez Cedeño also provided the Court with all travel documents that she had in her possession for both herself and the minor child. However, she indicated

that at the present time her Venezuelan passport and the minor child's Ecuadorian passport are in the possession of the Department of Homeland Security, Immigration and Customs Enforcement.

**PRELIMINARY INJUNCTION**

Given the foregoing, and because the Court finds that: (i) a preliminary injunction is necessary to prevent the Respondent from leaving the Western District of Louisiana during the pendency of this proceeding, (ii) failure to issue a preliminary injunction would cause irreparable harm to Petitioner due to the difficulty he may have in being able to locate his minor child again should she be moved, and (iii) the issuance of a preliminary injunction does not harm the Respondent and is not contrary to the public interest, the Court issues a Preliminary Injunction in this matter as follows:

IT IS HEREBY ORDERED:

1) That the minor child of Griseld Andrea Cañizalez Cedeño and Andres Sebastian Vera Revelo, P.A.V.C., shall not be removed from the Western District of Louisiana by Respondent, Griseld Andrea Cañizalez Cedeño, or any person acting in concert or participating with Respondent, pending the final resolution of this matter;

2) Cañizalez Cedeño shall enable communication between the minor child, P.A.V.C., and Vera Revelo at least twice a week for a reasonable period of time throughout the pendency of this proceeding;

3) Cañizalez Cedeño shall provide this Court with her address and phone number and shall continue to make herself available for contact by the Court.

4) Cañizalez Cedeño shall immediately surrender to the Court the Ecuadorian passport of the minor child, P.A.V.C., and any related travel documents, should the government return those documents to her possession.

5) The Preliminary Injunction shall remain in effect until further order of the Court or dispositive resolution of this matter. Petitioner is not required to post security because the Court finds that Respondent will not suffer financial harm during the pendency of the Preliminary Injunction.

Additionally,

Given that the Respondent provided documents to the Court indicating that she and her minor child, P.A.V.C., are in the United States in violation of immigration law and, accordingly, are aliens present in the United States who have not been admitted or paroled;

IT IS FURTHER ORDERED:

1) Within ten (10) days of this Order, the United States Department of Homeland Security and the United States Department of State are directed to produce to the undersigned any and all documents related to the immigration status, pending immigration proceedings, and immigration history – including "A Files" and prior removals, if any – of both Cañizalez Cedeño and her minor child, P.A.V.C.

2) The Department of Homeland Security is further ordered not to remove Cañizalez Cedeño or her minor child, P.A.V.C., from the Western District of Louisiana without leave of Court during the pendency of this case.

IT IS FURTHER ORDERED that service of this Ruling and Preliminary Injunction is made on the United States Attorney for this District on behalf of the Department of Homeland Security and Department of State.

IT IS FURTHER ORDERED that a hearing on the merits of Vera Revelo's Verified Complaint [Doc. 1] shall be held on **July 12, 2022, at 10:00am.**

THUS DONE AND SIGNED in Chambers on the 14th day of June 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE